## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL THOMPSON, SR., individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

DOUGLAS STOCKWELL, KENNETH DOMBROW,
SCOTT HART, DAN BOONE, LISA LAUZON,
AND OPERATING ENGINEERS' LOCAL 324
HEALTH CARE PLAN,

      Defendants.

---

BODMAN PLC
Donald H. Scharg (P29225)
Melissa M. VanGessel (P80864)
Attorneys for Plaintiff and the putative class
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Fax:  (248) 743-6002
dscharg@bodmanlaw.com
mvangessel@bodmanlaw.com

---

## CLASS ACTION COMPLAINT

Plaintiff, Michael Thompson, Sr., by his attorneys, Bodman PLC, individually

and as the representative of a proposed class of participants and beneficiaries bring

this Class Action Complaint under 29 U.S.C. § 1132(a)(2) and (3) against Douglas

Stockwell, Kenneth Dombrow, Scott Hart, Dan Boone, and Lisa Lauzon (jointly, "Individual Defendants") and Operating Engineers' Local 324 Health Care Plan ("Health Care Plan"), and states as follows:

## THE PARTIES

1. Michael Thompson, Sr. ("Thompson" or Plaintiff"), a resident of Howard City, Michigan, brings this Class Action Complaint individually and as the representative of the proposed Class described herein under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), against the Health Care Plan and its fiduciaries—the Individual Defendants.

2. On or around July 11, 2018, Thompson and/or members of the proposed Class were informed they were losing critical, employer-paid health insurance coverage under the Health Care Plan.

3. The loss of the critical, employer-paid health insurance coverage under the Health Care Plan is because of fiduciary duty breaches by the Individual Defendants.

4. Defendant Douglas Stockwell is the Business Manager of Operating Engineers Local 324 (Union or Local 324) and secretary/trustee of the Health Care Plan.

2

5. Defendant Kenneth Dombrow is a business representative of the Union and a trustee on the Health Care Plan.

6. Defendant Scott Hart, is a business representative of the Union and a trustee on the Health Care Plan.

7. Defendant Dan Boone is a business representative of the Union and a trustee on the Health Care Plan.

8. Defendant Lisa Lauzon is a business representative of the Union and a trustee on the Health Care Plan.

9. Stockwell, Dombrow, Hart, Boone, and Lauzon regularly transact Union business in the Eastern District of Michigan.

10. Defendant Operating Engineers' Local 324 Health Care Plan was established pursuant to the Taft Hartley Act, 29 U.S.C. 186 and the Employees Retirement Income Security Act, 29 U.S.C. 1001 et. seq. and is domiciled in Oakland County, Michigan.

## JURISDICTION AND VENUE

11. This is a complaint for declaratory judgment filed under 28 U.SC. 2201(a) and injunctive relief is sought.

12. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. 1132(a)(3) without respect to the amount in controversy.

3

13.     Venue is proper in this Court pursuant to 29 U.S.C. 1132(e)(2) which provides jurisdiction in any district court where the plan is administered, where the fiduciary breach took place, or where a defendant resides or may be found.

14.     The Health Care Plan may be sued pursuant to 29 U.S.C. 1132(d)(1).

15.     Thompson is seeking to recover coverage due to him under the terms of the Health Care Plan, to enforce his rights under the terms of the Health Care Plan, and to clarify his rights to future coverage under the terms of the Health Care Plan.

## GENERAL ALLEGATIONS

16.     Thompson is employed by Rieth-Riley Construction Co., Inc. ("Rieth-Riley") as an operating engineer (i.e., equipment operator) in the "Road" bargaining unit and is represented by the Union.

17.     Thompson is a Participant in the Health Care Plan.

18.     Thompson's employer, Rieth-Riley, is a member of the Michigan Infrastructure and Transportation Association ("MITA"), a Michigan construction trade association of companies representing construction disciplines such as road, bridge, sewer and water, utility, railroad, excavation, and specialty construction.

19.     MITA acts as the collective bargaining representative in the negotiation and administration of collective bargaining agreements and fringe benefit issues in connection with operating engineers in the "Road" and "Utility Distribution" bargaining units who are represented by Local 324.

Detroit_15593802_1

20.     MITA acts as the collective bargaining representative for over 65 individual members, including Rieth-Riley, who have signed powers of attorney (POA Contractors) and employ operating engineers in the Road or Utility Distribution bargaining units represented by Local 324.

21.     Thompson and all of the operating engineers in the Road and Utility Distribution bargaining units employed by a POA Contractor are represented by Local 324 and perform work within the jurisdiction of the Union.

22.     The POA Contractors represented by MITA are 3LK Construction, LLC, A.J. Rehmus & Sons, Inc., Ajax Paving Industries, Inc., Amboy Contractors, LLC, American Pavement Sawing, LLC, Anderzack-Pitzen Construction, Angelo Iafrate Construction Company, Anlaan Corporation, Aristeo Construction Company, Bacco Construction Company, Barton Malow, C & D Hughes, Inc., C. A. Hull Co., Inc., Cadillac Asphalt, LLC, Cameron Construction Company, Causie Contracting, Inc. Champagne & Marx Excavating, Inc., Cipparrone Contracting, Inc., Commerce Construction & Landscaping, Concrete Cutting & Breaking Co., Corby Energy Services, Cortis Brothers., Cougar Contracting, Inc., Crackers Demo, LLC, D. J. McQuestion & Sons, Inc., Dan's Excavating, Inc., Doan Companies, E.C. Korneffel Co., Edward R. White Contractor, Inc., Fessler & Bowman, Inc. Fisher Contracting Company, Florence Cement Company, Inc., Flynn Paving Company, Fox Contractors Corporation, Grand River Construction, Inc., Hardman

5

Construction, Inc., Hebert Construction Company, Highway Service Co., Inc., Hoffman Bros., Inc., Interstate Highway Construction, Inc., Kaltz Excavating Co., Inc., Kent Power Services, M & M Excavating Company, Mathy Construction Company, Milbocker & Sons, Inc., M.U.E. Incorporated, Nagle Paving Company, Newkirk Electric Associates, Inc., Niemi Corporation, Payne & Dolan, Pyramid Paving & Contracting Co., Rauhorn Electric, Inc., Raymond Excavating Company, Rieth-Riley, R. L. Coolsaet Construction Company, Roemer Utility Services, LLC, Roese Pipline, Inc., Sanches Construction Company, Site Development, Specialties Company, LLC., T & M Asphalt Paving, Inc., TCI Inc. of Michigan, Tenmile Creek Excavating, LLC, Tri-City Groundbreakers, Inc., Toebe Construction LLC, Z Contractors, Inc., and Zenith Tech, Inc.

23.     Currently, the POA Contractors employ approximately 2,500 operating engineers in the Road and Utility Distribution bargaining units who are represented by the Union.

24.     The POA Contractors were subject to a Section 8(f) collective bargaining agreements ("CBA") between MITA and Local 324 which expired on April 30, 2018 for the Utility Distribution bargaining unit and on May 31, 2018 for the Road bargaining unit.

25.     Local 324 is refusing to negotiate a successor CBAs for the POA Contractors with MITA.

6

Detroit_15593802_1

26.     At all relevant times, the Union represented and continues to represent Plaintiff and operating engineer employees employed by the POA Contractors.

27.     Plaintiff and the operating engineer employees employed by the POA Contractors are continuing to performing work described in the respective expired CBAs and continue to perform work within the jurisdiction of the Union.

28.     The Agreements and Declarations of Trust establishing the Health Care Plan are separate documents from the expired CBAs.

29.     The Agreements and Declarations of Trust establishing the Health Care Plan are currently in full force and effect.

30.     The Agreements and Declarations of Trust establishing the Health Care Plan are unaffected by the CBAs expiration.

31.     Each POA Contractor has agreed to be bound by and comply with the Agreements and Declarations of Trust establishing the Health Care Plan.

32.     Each POA Contractor has agreed to be bound by and comply with each Trust Agreement and any amendments thereto, all related agreements, rules, regulations and reporting forms and other requirements lawfully established by the trustees of the Health Care Plan, not in conflict with the terms of the expired CBAs.

33.     Each POA Contractor is bound by and must comply with any policy and/or procedure adopted by the Health Care Plan Trustees from time to time regarding the enforcement and collection of Health Care Plan contributions, in

7

addition to all other contractual and legal remedies available to the Health Care Plan Trustees.

34.     Each POA Contractor has agreed to be bound by all terms of payment to the Health Care Plan and to the terms of the Health Care Plan Trust Agreement and the Health Care Plan's policy and payment of employee contributions.

35.     Each POA Contractor's agreement to be bound by and comply with each Trust Agreement and any amendments thereto, all related agreements, rules, regulations and reporting forms and other requirements lawfully established by the trustees of the Health Care Plan survives the expired CBA.

## THE HEALTH CARE PLAN

36.     The Operating Engineers' Local 324 Health Care Plan Agreement and Declaration of Trust was established effective December 1, 2005.

37.     The status of being an Employer or Contributing Employer under the Health Care Plan is not conditioned on being signatory to a non-expired collective bargaining agreement.

38.     Under Article I of the Health Care Plan, an "Employer or Contributing Employer" includes, "(a)…any member of any Association which member is bound by the terms of the collective bargaining agreement between the Union and the Association to make contributions to the Trust Fund; (b) **any other Employer engaged in work coming within the jurisdiction of the Union who contributes**

8

**to the Trust Fund** or which is obligated by a collective bargaining agreement **or by any other written agreement to make contributions to the Trust Fund**...." (Emphasis added).

39.    Each of the POA Contractors has been and is an "Employer engaged in work coming within the jurisdiction of the Union which contributes to the [Health Care Fund]...."

40.    Each of the POA Contractors has been and is a "Contributing Employer" or "Employer" to the Health Care Plan.

41.    Under Article I of the Health Care Plan, "Employer Contributions or Contributions" means, "the payment made or required to be made to the Trust Fund by a Contributing Employer."

42.    Under Article I of the Health Care Plan, "Participant" means "an individual eligible for benefits under the terms of the Fund."

43.    Thompson is a Participant in the Health Care Plan.

44.    Each of the POA Contractors employs Participants in the Health Care Plan.

45.    Under Article II(2) of the Health Care Plan, "This Fund is created, established, and maintained, for the purpose of providing welfare benefits for the Participants pursuant to a Fund adopted by the Trustees."

Detroit_15593802_1

46. Under Article VI(2) of the Health Care Plan, "Employers are bound by and must comply with any policy and/or procedure adopted by the Trustees from time to time regarding the enforcement and collection of Contributions, in addition to all other contractual and legal remedies available to the Trustees."

47. Each POA Contractor is bound by and must comply with any policy and/or procedure adopted by the Health Care Plan Trustees from time to time regarding the enforcement and collection of contributions, in addition to all other contractual and legal remedies available to the Health Care Plan Trustees.

## BREACHES OF FIDUCIARY DUTIES

48. The duty of loyalty requires fiduciaries to act with an "eye single" to the interests of the Health Care Plan Participants.

49. Fiduciaries must display complete loyalty to the interests of the Health Care Plan Participants and must exclude all selfish interest and all consideration of the interests of third persons.

50. As fiduciaries, Stockwell, Dombrow, Hart, Boone, and Lauzon are obligated to discharge their duties with respect to the Health Care Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries under the Health Care Plan.

51. As fiduciaries, Stockwell, Dombrow, Hart, Boone, and Lauzon are obligated to discharge their duties on behalf of the Health Care Plan with the care,

Detroit_15593802_1

skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

52.     As fiduciaries, Stockwell, Dombrow, Hart, Boone, and Lauzon are obligated to discharge their duties on behalf of the Health Care Plan in accordance with the documents and instruments governing the Health Care Plan insofar as such documents and instruments are consistent with the provisions of ERISA.

53.     As fiduciaries, Stockwell, Dombrow, Hart, Boone, and Lauzon are not allowed to act in the interests of the Union on Health Care Plan matters.

54.     Thompson and the operating engineers working in the jurisdiction of Local 324 and performing work described in the expired CBAs are Participants in the Health Care Plan.

55.     Section 515 of ERISA requires, "**Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan** or under the terms of a collectively bargained agreement **shall, to the extent not inconsistent with law, make such contributions** in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. 1145 (emphasis added).

56.     On information and belief, the POA Contractors have timely made contributions to the Health Care Plan for the period beginning June 1, 2018.

Detroit_15593802_1

57.    The Health Care Plan refuses to accept and credit POA Contractor fringe benefit contributions as required by Section 515 of ERISA.

58.    At the Operating Engineers' Local 324 Pension Fund, Defined Contribution Pension Plan, Health Care Plan, Vacation & Holiday Fund and Retiree Benefit Fund - Special Boards of Trustee Meeting of June 19, 2018 ("Special Meeting"), Stockwell "reiterated that Operating Engineers Local 324 will not be negotiating  with MITA or the employers who have a Power of Attorney (POA) with MITA.  He advised that Operating Engineers Local 324 will continue to negotiate with the employers who do not have a Power of Attorney with MITA under the Road and Utility Distribution Agreements and because the Union is bargaining with these employers in good faith the fringe contributions should be accepted by the Funds and credited to the employees from these employers."

59.    At the Special Meeting, fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon voted in support of a motion to authorize "the fringe office to accept and credit contributions for work performed after June 1, 2018 received from an MITA Road and Utility Distribution **employers that do not have a Power of Attorney (POA) with MITA while negotiations continue between Local 324 and these contractors**" and the motion passed.  (Emphasis added).

60.    At the Special Meeting, and after the motion identified in ⁋ 58 passed, "Discussion continued as to what the fringe office is to do with the contributions

Detroit_15593802_1

from employers with Powers of Attorney with MITA for work performed after June 1, 2018. **Trustee Stockwell stated that the Fund cannot accept contributions from MITA POA contractors.** Trustee Doenitz stated that the Trust Funds owe the employees insurance and pension benefits." (Emphasis added)

61.     At the Special Meeting, fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon voted in opposition to a motion to authorize "the fringe office to accept and credit contributions received from Road and Utility Distribution employers with Powers of Attorney MITA for work performed after June 1, 2018."

62.     Because neither fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon voted in support of the motion identified in ¶ 61, the motion tied and did not pass.

63.     The Health Care Plan has accepted and credited contributions, for work performed after June 1, 2018, received from Road or Utility Distribution employers who have not given a Power of Attorney to MITA.

64.     The Health Care Plan has accepted and credited contributions, for work performed after June 1, 2018, received from Road or Utility Distribution employers who do not have a Power of Attorney with MITA even if the Road or Utility Distribution employer does not have a collective bargaining contract with the Union.

65.     At the Special Meeting, and after the voting on the motions concluded, "Discussion continued on what will happen to the employee benefits, including

13

health care benefits in the absence of credited contributions. It was noted that **the terms of the Plan documents will be followed**." (Emphasis added)

66.     Despite the promise, made at the Special Meeting, that "the terms of the Plan documents will be followed," on August 2, 2018, the Management Trustees were advised that, "on an interim basis (for employees of contractors that terminated their CBAs) the Union is consenting to the employees' use of their hour banks, MRA and making self-payments."

67.     At a trustee meeting on July 31, 2018, Stockwell made a motion that the Operating Engineers Local 324 Pension Fund not accept and hold fringe benefit contributions (including Health Care Plan contributions) "from Employers who do not have a written contract with the Union."

68.     Stockwell violated his fiduciary duties at the July 31, 2018 trustee meeting by presenting the motion that the Operating Engineers Local 324 Pension Fund not accept and hold fringe benefit contributions (including Health Care Plan contributions) "from Employers who do not have a written contract with the Union."

69.     Stockwell, Dombrow, Hart, Boone, and Lauzon violated their fiduciary duties by voting, at the July 31, 2018 trustee meeting, in support of the motion that Operating Engineers Local 324 Pension Fund not accept and hold fringe benefit contributions (including Health Care Plan contributions) "from Employers who do not have a written contract with the Union."

14

70.     Stockwell, Dombrow, Hart, Boone, and Lauzon violated their fiduciary duties by voting to deny Health Care Plan benefits to participants who were employed by the POA Contractors as part of a Union negotiation strategy

71.     The Health Care Plan is administered by a Fringe Plan Office.

72.     "[T]he Fringe Fund Office has been directed by the [Health Care Plan Board] of Trustees to **accept and credit contributions received from Contractors ... who do not have a Power of Attorney with MITA** following the termination of the applicable collective bargaining agreement (…Road Contractors for work performed on or after June 1, 2018)." (Emphasis added)

73.     "[T]he Fringe Fund Office has been directed by the [Health Care Plan Board] of Trustees to **hold all contribution payments and fringe reports from Contractors…who have Power of Attorney with MITA** following termination of the applicable [Road and Utility Distribution] collective bargaining agreement (…for work performed on or after June 1, 2018)."   (Emphasis added)

74.     The Health Care Plan is not accepting and crediting contributions, for work performed after June 1, 2018, received from the POA Contractors.

75.     The reason the Health Care Plan is refusing to accept contributions for Road and Utility Distribution work performed after June 1, 2018 from the POA Contractors is because they have given powers of attorney to MITA.

15

76.    If the POA Contractors had not given powers of attorney to MITA, the Health Care Plan would accept and credit their contributions for Road and Utility Distribution work performed after June 1, 2018.

77.    If the POA Contractors revoke their powers of attorney from MITA, the Health Care Plan will accept and credit contributions for operating engineer employees performing road or utility distribution work.

78.    The work performed by operating engineer employees for POA Contractors is the same type of work performed by operating engineer employees who work for employers who do not have a power of attorney with MITA.

79.    The failure of the Health Care Plan to accept and credit contributions for work performed after June 1, 2018 from POA Contractors advances the Union's goals.

80.    The failure of the Health Care Plan to accept and credit contributions for work performed after June 1, 2018 from POA Contractors prevents Plaintiff, Participants, and beneficiaries from receiving health insurance under the Health Care Plan.

81.    The failure of the Health Care Plan to accept and credit contributions for work performed after June 1, 2018 from POA Contractors is harmful Plaintiff, Participants, and beneficiaries by preventing them from receiving health insurance under the Health Care Plan.

16

82.     The failure of the Health Care Plan to accept and credit contributions for work performed after June 1, 2018 from POA Contractors is detrimental to Plaintiff, Participants, and beneficiaries by preventing them from receiving health insurance under the Health Care Plan.

83.     Business agents employed by the Union have encouraged Participants to quit their employment at POA Contractors and seek other employment because, in part, health care insurance would not be available to employees of POA Contractors.

84.     Section 2.1(d) of the Health Care Plan's Summary Plan Description ("SPD") is entitled, "**Employment with Contractor Not Obligated to Contribute to Plan**" (Emphasis in original) and provides in part, "Continued eligibility for benefits will immediately cease if an Employee becomes employed, without the Union's consent, by an Employer who is not required to make Contributions to the Plan in a category of employment for which other Employers make Contributions to the Plan. The Plan will not honor any work hours that such an Employee may have in his Hour Bank and he will be offered COBRA coverage."

85.     The SPD is not a Health Care Plan plan document.

86.     The SPD cannot be used to alter the terms of the Health Care Plan.

87.     At all relevant time prior to and after June 1, 2018, Plaintiff has been employed by the same employer.

Detroit_15593802_1

88.    At all relevant time prior to and after June 1, 2018, many, if not most, of the Road and Utility Distribution Participants have been employed by the same respective employers.

89.    At all relevant time prior to and after June 1, 2018, Plaintiff has been employed in a category of employment for which other Employers make Contributions to the Plan.

90.    At all relevant time prior to and after June 1, 2018, the Road and Utility Distribution employees employed by POA Contractors have been employed in a category of employment for which other Employers make Contributions to the Plan.

91.    The POA Contractors are required to pay contributions on behalf of Plaintiff and the Participants to the Health Care Plan for the period on and after June 1, 2018.

92.    Plaintiff believes the POA Contractors have tendered the required contributions on behalf of Plaintiff and the Participants to the Health Care Plan for the period on and after June 1, 2018.

93.    The Health Care Plan refuses to accept and credit the contributions tendered by the POA Contractors on behalf of Plaintiff and the Participants for the period on and after June 1, 2018

94.    Section 2.1(d) of the SPD does not apply to Plaintiff.

Detroit_15593802_1

95.     Section 2.1(d) of the SPD does not apply to Participants who are employed by POA Contractors.

96.     Section 2.1(d) of the SPD does not apply to Plaintiff and Participants who are continuously employed by the same POA Contractor on June 1, 2018 and through and after the filing of this Complaint.

97.     Despite the fact that Section 2.1(d) of the SPD does not apply to Plaintiff and the Participants who are employed by POA Contractors, the Health Care Plan is applying Section 2.1(d) to them.

98.     Article 2.1(d) of the SPD violates ERISA and the Health Care Plan by allowing Plaintiff and Participant eligibility to be based on Union consent.

## THE LOSS OF INSURANCE BY THOMPSON, THE PARTICIPANTS, AND THEIR FAMILIES

99.     Because of the vote of fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon, Thompson and the other Participants employed by POA Contractors and beneficiaries are not being credited with Health Care Plan contributions for work performed after June 1, 2018 tendered by the POA Contractors.

100.    Because of the vote of fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon, Thompson and the Participants employed by POA Contractors are not being allowed to use up banked Health Care Plan credits, based on past work hours, to pay for current health care benefits.

Detroit_15593802_1

101.   Thompson wife is currently receiving treatment for cancer related medical issues.

102.   Despite the fact that Section 2.1(d) of the SPD does not apply to Plaintiff and the Participants who are employed by POA Contractors, the Health Care Plan has notified Plaintiff and the Participants employed by POA Contractors that Health Care Plan coverage ended on June 1, 2018 due to "**Employees Termination of employment or loss of eligibility due to shortage of hours**." (Emphasis in original).

103.   Plaintiff has not been terminated or lost Health Care Plan eligibility due to a shortage of hours.

104.   The Participants who are employed by POA Contractors have not been terminated or experienced a shortage of hours necessary for continued coverage under the Health Care Plan.

105.   Plaintiff and the Participants employed by POA Contractors are not being allowed to use their respective hours banks because they are employed by POA Contractors.

106.   Contrary to the terms and provisions of the Health Care Plan and Section 2.1 of the SPD, Thompson, Participants employed by POA Contractors, and beneficiaries are being denied health insurance benefits.

20

107.   The loss of health insurance coverage on and after July 1, 2018 because the Health Care Plan is improperly refusing to accept and credit POA Contractor fringe benefit contributions does **not** trigger eligibility to purchase COBRA continuation benefits.  29 U.S.C. 1161 et. seq.

108.   Due to the Health Care Plan's improper refusal to accept and credit POA Contractor fringe benefit contributions as required by Section 515 of ERISA and the Health Care Plan, approximately 2,500 employee/Participants and their families will lose health care coverage as of July 1, 2018.

## CLASS ACTION ALLEGATIONS

109.   29 U.S.C. § 1132(a)(2) authorizes any participant or beneficiary of the Health Care Plan to bring an action individually on behalf of the Health Care Plan to recover for the Health Care Plan the remedies provided by 29 U.S.C. § 1109(a).

110.   Plaintiff brings this action on behalf of himself and a proposed Class under Fed. R. Civ. P. 23(b)(1) and (b)(3), defined as follows:

All participants and beneficiaries of the Health Care Plan that were (1) employed as an operating engineer (i.e., equipment operator) in the Road and Utility Distribution bargaining units, (2) on and after June 1, 2018, (3) by a contractor who has given a power of attorney to MITA.  The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants; (3) persons who properly execute and file a timely

21

request for exclusion from the Class; and (4) Plaintiff's counsel and Defendant's counsel.

111.   Plaintiff reserves the right to propose other or additional classes or subclasses in their motion for class certification or subsequent pleadings in this action.

112.   Numerosity: The Class is so numerous that joinder of all Class members is impracticable. The Class includes approximately 2,500 Participants.

113.   Typicality: Plaintiff's claims are typical of the Class members' claims. Like other Class members, Plaintiff participated in the Health Care Plan and has and will continue to suffer injuries as a result of Defendants' fiduciary breaches. Defendants treated Plaintiff consistently with other Class members with regard to the Health Care Plan and Defendants' fiduciary breaches harmed all participants, including Plaintiff, in identical ways.

114.   Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are aligned with the Class that he seeks to represent, and he has retained counsel experienced complex class action litigation. Plaintiff does not have any conflicts of interest with any Class members that would impair or impede his ability to represent such Class members.

Detroit_15593802_1

115.   Commonality: Common questions of law and fact exist as to all Class members, and predominate over any questions solely affecting individual Class members, including but not limited to:

(a)   Whether Defendants are fiduciaries of the Health Care Plan;

(b)   Whether Defendants breached their fiduciary duties by engaging in the conduct described herein;

(c)   Whether the Health Care failed to follow its terms and provisions.

(d)   Whether Defendants caused injuries.

(e)   The proper form of equitable and injunctive relief; and

(f)   The proper measure of relief.

116.   Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

117.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(1)(B) because adjudications with respect to individual Class members, as a practical matter, would be dispositive of the interests of other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

23

118.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct as described in this Complaint applied uniformly to all members of the Class. Class members do not have an interest in pursuing separate actions against Defendants, as the amount of each Class member's individual claims is relatively small compared to the expense and burden of individual prosecution, and Plaintiff are unaware of any similar claims brought against Defendants by any Class members on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

## COUNT I

## BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. 1132(a)(2)

119.   The allegations of paragraphs 1 through 118 of this Complaint are incorporated by reference herein.

Detroit_15593802_1

120.   Plaintiff and the operating engineers working in the jurisdiction of Local 324 and performing work described in the expired CBAs are Participants in the Health Care Plan.

121.   Fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon violated their respective fiduciary duties and did not discharge their duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries under the Health Care Plan by voting to allow the acceptance and crediting of contributions for work performed after June 1, 2018 received from Road and Utility Distribution employers who do not have a Power of Attorney with MITA and voting not to allow the Health Care Plan to accept and credit contributions for similar work performed after June 1, 2018 and tendered by POA Contractors.

122.   Fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon violated their respective fiduciary duties and did not discharge their duties on behalf of the Health Care Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims by voting to allow the Health Care Plan to accept and credit contributions, for work performed after June 1, 2018, tendered by Road and Utility Distribution employers who do not have a Power of Attorney with MITA and

Detroit_15593802_1

voting to not allow the Health Care Plan to accept and credit contributions for work performed after June 1, 2018 and tendered by POA Contractors.

123.   Fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon violated their respective fiduciary duties and did not discharge their duties on behalf of the Health Care Plan in accordance with the documents and instruments governing the Health Care Plan insofar as such documents and instruments are consistent with the provisions of ERISA by voting to allow the Health Care Plan to accept and credit contributions, for work performed after June 1, 2018, tendered by Road and Utility Distribution employers who do not have a Power of Attorney with MITA and voting to not allow the Health Care Plan to accept and credit contributions for work performed after June 1, 2018 tendered by POA Contractors.

124.   Fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon violated their respective fiduciary duties and did not discharge their duties on behalf of the Health Care Plan in accordance with the documents and instruments governing the Health Care Plan insofar as such documents and instruments are consistent with the provisions of ERISA, by voting to not allow the Health Care Plan to accept and credit contributions for Road and Utility Distribution work performed after June 1, 2018 and tendered by POA Contractors.

Detroit_15593802_1

125.   Fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon violated their respective fiduciary duties acting in the interests of the Union on Health Care Plan matters.

126.   Fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon violated their respective fiduciary duties by acting in the interests of the Union on Health Care Plan matters by voting to allow the Health Care Plan to accept and credit contributions for work performed after June 1, 2018 received from Road and Utility Distribution employers who do not have a Power of Attorney with MITA and voting to not allow the  Health Care Plan to accept and credit contributions for work performed after June 1, 2018 tendered by POA Contractors.

127.   Fiduciaries Stockwell, Dombrow, Hart, Boone, and Lauzon violated their respective fiduciary duties, breaching the duty of loyalty and obligation to administer the Health Care Plan for the exclusive benefit of the participants and beneficiaries by placing the interests of the Union above the interests of the participants and beneficiaries.

## COUNT II

### RESTORATION OF THE LOSS OF INSURANCE BY PLAINTIFF, THE PARTICIPANTS AND THEIR FAMILIES UNDER 29 USC 1132(A)(3)

128.   The allegations of paragraphs 1 through 127 of this Complaint are incorporated by reference herein.

27

Detroit_15593802_1

129.   The Health Care Plan was obligated by ERISA to follow its own terms and provisions in applying the Health Care Plan to Participants employed by the POA Contractors.

130.   The Health Care Plan was obligated by its own terms and provisions to accept and credit contributions from Contributing Employers.

131.   The Health Care Plan, prior to May 1, 2018, treated all similarly situated Participants equally.

132.   Denying benefits on the basis of a Contributing Employer's signing of a power of attorney to MITA is not a legitimate business reason under the Health Care Plan's own terms and provisions for refusing to accept and credit contributions from the Contributing Employers.

133.   A Participant's employment by a Contributing Employer who signed a power of attorney to MITA is not a legitimate business reason under the Health Care Plan's own terms and provisions for refusing to accept and credit contributions for a Participant who is employed by a POA Contractor.

134.   The Health Care Plan has unlawfully discriminated against Plaintiff and other Participants by refusing and/or failing to accept and credit contributions for a Participant who is employed by a POA Contractor.

Detroit_15593802_1

135.   The Health Care Plan has unlawfully discriminated against Plaintiff and other Participants employed by a POA Contractor by terminating health insurance coverage effective July 1, 2018.

136.   The Health Care Plan has unlawfully discriminated against Plaintiff and other Participants employed by a POA Contractor by requiring them to purchase health insurance coverage effective July 1, 2018.

137.   The Health Care Plan violated ERISA by requiring Plaintiff and the Participants employed by POA Contractors to purchase their health insurance coverage when they has not had a termination of employment or experienced loss of eligibility due to shortage of hours.

138.   The Health Care Plan violated ERISA by refusing to allow Plaintiff and the Participants use of their health insurance hours bank.

139.   The Health Care Plan violated ERISA by acting in the interests of the Union on Health Care Plan matters.

140.   By Section 2.1(d) of the SPD, the Health Care plan unlawfully allows the Union to determine a Participant's continued eligibility for benefits.

141.   Plaintiff and the other Participants employed by POA Contractors are being harmed and injured by the Health Care Plan's failure to follow its own terms and provisions, unlawful discrimination, and:

29

(a)   Refusal to accept and credit contributions tendered by POA Contractors;

(b)   Refusal to provide health care coverage to Plaintiff and Participants employed by POA Contractors.

(c)   The loss of health care benefits on and after July 1, 2018 because they are employed by a POA Contractor;

(d)   Being forced to purchase health care insurance;

(e)   Allowing delegation to the Union of the power to determine eligibility for health care benefits coverage; and

(f)   Unless injunctive relief is granted, suffering the loss of health care benefits on and after September 1, 2018 because they are employed by a POA Contractor.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants Stockwell, Dombrow, Hart, Boone, and Lauzon ruling that:

(a)   this action is certified as a class action, Plaintiff is appointed as class representative, and Bodman PLC is appointed as class counsel;

30

Detroit_15593802_1

(b)     the Health Care Plan be directed to provide health care insurance to Plaintiff and the other Participants employed by POA Contractors to be effective July 1, 2018.

(c)     Defendants Stockwell, Dombrow, Hart, Boone, and Lauzon breached their respective fiduciary duties to Plaintiff, the Participants employed by POA Contractors, and beneficiaries of the Health Care Plan;

(d)     remove Defendants Stockwell, Dombrow, Hart, Boone, and Lauzon as trustees of the Health Care Plan.

(e)     the votes of Defendants Stockwell, Dombrow, Hart, Boone, and Lauzon not allow the Health Care Plan to accept and credit contributions, received from POA Contractors, for Road and Utility Distribution work performed after June 1, 2018 to be null and void;

(f)     Defendants Stockwell, Dombrow, Hart, Boone, and Lauzon be ordered to support or not oppose a motion to allow the Health Care Plan to accept and credit contributions to the Health Care Plan, received from POA Contractors, for Road and Utility Distribution work performed after June 1, 2018;

Detroit_15593802_1

(g)    the Health Care Plan be directed to replenish the hours banks of Plaintiff and the other Participants employed by POA Contractors to the level which existed on May 31, 2018;

(h)    Defendants Stockwell, Dombrow, Hart, Boone, and Lauzon be directed to personally reimburse the Health Care Plan for any losses resulting from their breaches;

(i)    Defendants Stockwell, Dombrow, Hart, Boone, and Lauzon be directed to personally reimburse Plaintiff, the Participants employed by POA Contractors, and beneficiaries of the Health Care Plan for any losses resulting from the breaches which are not reimbursed by the Health Plan;

(j)    temporary, preliminary, and final injunctive relief is issued:

    (1)    enjoining the Defendants from deviating from the terms of the Health Care Plan;

    (2)    enjoining the Defendants from causing Plaintiff and Participants employed by POA Contractors to lose health care coverage;

    (3)    enjoining the Defendants from discriminating against Plaintiff and Participants employed by POA Contractors;

Detroit_15593802_1

(4)   enjoining the Defendants from using Section 2.1(d) of the SPD to deny health care coverage to Plaintiff and Participants employed by POA Contractors;

(5)   enjoining the Defendants from causing Plaintiff and Participants employed by POA Contractors purchase insurance or lose health care coverage;

(6)   requiring the Health Care Plan to accept and credit contributions from POA Contractors for Plaintiff and the Participants employed by POA Contractors;

(7)   reinstating in full the health care hours credit banks of Plaintiff and the Participants employed by POA Contractors for the hours bank credits used due to the failure of the Health Care Plan to accept and credit contributions from POA Contractors;

(k)   an order for appropriate relief to enjoin the acts and practices of Defendants alleged herein which violate ERISA;

(l)   award such other equitable or remedial relief as the court may deem appropriate, including removal of the Defendants as fiduciaries; and

(m)   award attorneys' fees and costs under 29 U.S.C. § 1132(g)(1).

33

Detroit_15593802_1

MICHAEL THOMPSON, SR., individually
and on behalf of all others similarly situated,

August 2, 2018

By:   s/ Donald H. Scharg
Donald H. Scharg (P29225)
Melissa M. VanGessel (P80864)
BODMAN PLC
Attorneys for Plaintiff and the putative class
201 W. Big Beaver Road, Suite 500
Troy, MI  48084
(248) 743-6000
Fax: (248) 743-6002
dscharg@bodmanlaw.com
mvangessel@bodmanlaw.com

Detroit_15593802_1