UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE FURWA, *et al.*,

    Plaintiffs,

v.

OPERATING ENGINEERS LOCAL 324
HEALTH CARE PLAN, *et al.*,

    Defendants.

Case No. 18-12392
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO DISMISS [48]**

On January 30, 2019, the Court modified the previously entered preliminary injunction such that it would apply solely to the named Plaintiffs, and, for the duration of the litigation, would require the Defendant Health Care Plan to keep, in escrow, all contributions made by Plaintiffs' employers on Plaintiffs' behalf. (ECF No. 45.) The Defendants have appealed the grant of Plaintiffs' motion for preliminary injunction to the United States Court of Appeals for the Sixth Circuit (ECF No. 37, 46) and Plaintiffs have cross-appealed the modification of the preliminary injunction (ECF No. 50).

In the meantime, all but one of the remaining Plaintiffs have filed a motion for voluntary dismissal (ECF No. 48) which is opposed, in part, because Defendants think all of the Plaintiffs should be dismissed and the Court's injunction rulings vacated (ECF No. 49).

On March 8, 2019, the Court issued an Order to Show Cause why Plaintiff's motion to dismiss should not be withdrawn or dismissed without prejudice pending resolution of the appeal in the Sixth Circuit. (ECF No. 53.)

On March 14, 2019, Plaintiffs filed their response. (ECF No. 54.) This response does not satisfy the Order to Show Cause.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (same); *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) ("It is well settled that the filing of the notice of appeal . . . deprives the district court of jurisdiction to act in matters involving the merits of the appeal.").

In Plaintiffs' view, because they are only seeking to voluntarily dismiss three of the four remaining Plaintiffs, their motion is merely "housekeeping" and does not involve "aspects of the case involved in the appeal," *Griggs*, 459 U.S. at 58. (ECF No. 54, PageID.2487.)

But this ignores the issues raised in Defendants' opposition to the motion to dismiss. Defendants argue that the fourth, and last remaining, Plaintiff also be dismissed. (ECF No. 49.) As this would dispose of the entire case, Defendants also request that the dismissal of the Plaintiffs be conditioned on the Court vacating its preliminary injunction decisions (ECF Nos. 32, 45). (ECF No. 49.) Defendants rely on *United States v. Munsingwear. Inc.*, 340 U.S. 36, 39–40 (1950) to argue that the Court must vacate its injunction orders because, as the case is moot, its right of appellate review of the orders will be frustrated. (ECF No. 49, PageID.2448–2451.) But, as *Munsingwear* itself states, it is the court of appeals that addresses the mootness issue and remands to the district court for any vacatur or dismissal that may be appropriate: "The established practice of the [court of appeals] in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate

the judgment below and remand with a direction to dismiss. That is said in *Dukes Power Co. v. Greenwood Cnty.*, 299 U.S. 259, 267, to be 'the duty of the appellate court.'" 340 U.S. at 39–40.

Because the briefing requires the Court to wade into issues beyond mere "housekeeping" and that are better addressed by the Sixth Circuit given the current posture of the case, the Court will DENY WITHOUT PREJUDICE Plaintiffs' motion to dismiss (ECF No. 48).

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: May 30, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, May 30, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager